NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULA SUTTON,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>Ryan Zinke, Department of Interior (Bureau of Indian Affairs), agency,[*]<br><br>               Defendant-Appellee. | No.   16-35511<br><br>D.C. No. 3:13-cv-00096-TMB<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted June 26, 2017[***]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

     Paula Sutton appeals from the district court's summary judgment in her

employment action alleging sex, age, and disability discrimination in violation of

---

     [*]     Ryan Zinke has been substituted for his predecessor, Sally Jewell, as Secretary of the Interior under Fed. R. App. P. 43(c)(2).

     [**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [***]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Title VII, the Age Discrimination in Employment Act ("ADEA"), and the

Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We

affirm.

The district court properly granted summary judgment on Sutton's sex and

age discrimination claims because Sutton failed to raise a genuine dispute of

material fact as to whether defendant's legitimate, nondiscriminatory reasons for

not hiring Sutton were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281

F.3d 1054, 1062 (9th Cir. 2002) (setting forth framework for Title VII sex

discrimination claim and explaining that summary judgment is appropriate where

plaintiff did not establish "a discriminatory reason more likely motivated the

employer or . . . that the employer's proffered explanation is unworthy of

credence" (citations and internal quotation marks omitted)); *Sangvhi v. City of*

*Claremont*, 328 F.3d 532, 536 n.3 (9th Cir. 2003) (Title VII and ADEA claims are

analyzed under the same burden-shifting framework).

The district court properly granted summary judgment on Sutton's disability

discrimination claim because Sutton failed to raise a genuine dispute of material

fact as to whether her hearing loss constituted a disability. *See* 42 U.S.C.

2                                                                    16-35511

§ 12102(1) (defining "disability" under the Americans with Disabilities Act ("ADA")); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (standards provided by ADA apply to claims brought under the Rehabilitation Act).

The parties' joint motion to submit the case on the briefs (Docket Entry No. 30) is granted.

**AFFIRMED.**